UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   2:24-cv-10021-JFW-AJR | Date: November 25, 2024 |
| | Page 1 of 10 |

Title:   Junius J. Joyner, III v. Carrol A. Weimer, Jr., et al.

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION OR TRANSFERRED TO THE EASTERN DISTRICT OF VIRGINIA**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Claudia Garcia-Marquez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On November 17, 2024, *pro se* Plaintiff Junius J. Joyner, III ("Plaintiff"), filed a Complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983 (the "Complaint") against: (1) Carrol A. Weimer, Jr., individually and in his official capacity as a Prince William County Circuit Court Judge; (2) Clifford Lynwood Athey, Jr., individually and in his official capacity as a Court of Appeals of Virginia Judge; (3) Richard Y. Atlee, Jr., individually and in his official capacity as a Court of Appeals of Virginia Judge; (4) Randolph Beales, individually and in his official capacity as a Court of Appeals of Virginia Judge; (5) Dominique Callins, individually and in her official capacity as a Court of Appeals of Virginia Judge; (6) Doris Henderson Causey, individually and in her official capacity as a Court of Appeals of Virginia Judge; (7) Vernida Chaney, individually and in her official capacity as a Court of Appeals of Virginia Judge; (8) Marla Graff Decker, individually and in her official capacity as a Court of Appeals of Virginia

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:24-cv-10021-JFW-AJR | Date:  November 25, 2024 |
| | Page 2 of 10 |

Title:   <u>Junius J. Joyner, III v. Carrol A. Weimer, Jr., et al.</u>

Judge; (9) Frank Friedman, individually and in his official capacity as a Court of Appeals of Virginia Judge; (10) Steven C. Frucci, individually and in his official capacity as a Court of Appeals of Virginia Judge; (11) Junius P. Fulton, III, individually and in his official capacity as a Court of Appeals of Virginia Judge; (12) Glen Huff, individually and in his official capacity as a Court of Appeals of Virginia Judge; (13) Lisa Lorish, individually and in her official capacity as a Court of Appeals of Virginia Judge; (14) Mary B. Malveaux, individually and in her official capacity as a Court of Appeals of Virginia Judge; (15) Mary Grace O'Brien, individually and in her official capacity as a Court of Appeals of Virginia Judge; (16) Daniel E. Ortiz, individually and in his official capacity as a Court of Appeals of Virginia Judge; (17) Stuart Raphael, individually and in his official capacity as a Court of Appeals of Virginia Judge; (18) Kimberley Slayton Shite, individually and in her official capacity as a Court of Appeals of Virginia Judge; (19) James Williams, individually and in his official capacity as Virginia Department of Social Services Commissioner; (20) Craig Burshem, individually and in his official capacity as Virginia Department of Social Services Deputy Commissioner for State Programs; and (21) Thomas Stanford, individually and in his official capacity as Office of the Attorney General for the State of Virginia, Deputy Attorney General of the Civil Division (collectively, the "Defendants").  (Dkt. 1 at 1-7.)

The allegations in the Complaint stem from a child custody dispute.  (<u>Id.</u> at 7-8.)  As alleged in the Complaint, the Prince William County Circuit Court of Virginia conducted a trial on November 8, 2021 to consider modifying a child custody agreement between Plaintiff and his ex-wife, Emily Redman.  (<u>Id.</u> at 7.)  Judge Weimer ultimately issued an order awarding sole custody of Plaintiff's children to Ms. Redman.  (<u>Id.</u> at 8.)  Plaintiff appealed the trial court's order to the Virginia Court of Appeals.  (<u>Id.</u>)  After a dismissal and then reinstatement by the Supreme Court of Virginia, Plaintiff's appeal is currently still pending before the Virginia Court of Appeals.  (<u>Id.</u> at 8-9.)

On May 25, 2022, Judge Weimer conducted a child custody modification hearing.  (<u>Id.</u> at 9.)  Plaintiff alleges that Judge Weimer grossly overstated Plaintiff's income in the ultimate finding modifying Plaintiff's child support obligation.  (<u>Id.</u>)  Plaintiff alleges that on January 12, 2023, he received an email from the Commonwealth of Virginia Department of Social Services Division of Child Support Enforcement informing him that he was $22,000 in arrears on his child support obligations.  (<u>Id.</u>)  On January 8, 2024,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.    2:24-cv-10021-JFW-AJR              Date: November 25, 2024
                                                Page 3 of 10

Title:    Junius J. Joyner, III v. Carrol A. Weimer, Jr., et al.

Plaintiff sent Office of the Attorney General Assistant Attorney General Thomas Sanford an email seeking to resolve the allegedly egregious errors in the child custody support obligation imposed by Judge Weimer. (Id. at 11.) Plaintiff alleges that as of today, he has not received any response to this email. (Id.) Plaintiff also alleges that on October 14, 2024, he filed a Petition for Writ of Mandamus in the Supreme Court of Virginia seeking an order directing Judge Weimer to adjust the child support obligation. (Id. at 12.) Plaintiff does not appear to have received a ruling on his Petition for Writ of Mandamus. (Id. at 13.)

      Plaintiff alleges that he has registered to take the California Bar Exam on February 25, 2025, but that the Committee of Bar Examiners and the State Bar of California prohibit anyone with outstanding child support obligations from sitting for the exam. (Id. at 12.) Plaintiff alleges that he has been contacted by several legal recruiters for senior counsel positions with prestigious law firms located in California, but that the recruiters are unable to move forward with the positions until Plaintiff is licensed as an attorney in the State of California. (Id.) Plaintiff alleges that relief from this Court is necessary because he does not have a reasonable expectation that he will receive a fair and unbiased review of his claims in the pending proceedings in Virginia. (Id. at 13.) Plaintiff seeks injunctive relief, declaratory relief, compensatory damages, non-compensatory damages, and punitive damages. (Id. at 21.)

      The Court takes judicial notice of the fact that Plaintiff previously filed a lawsuit in the U.S. District Court for the Eastern District of Virginia, Case No. CV 22-725-PTG-JFA, against the following defendants: (1) the Prince William County Circuit Court; (2) Judge Weimer; (3) Angela Horan, a Prince William County Circuit Court Judge who presided over certain custody matters related to Plaintiff's children; and (4) Kimberly A. Irving, Chief Judge of the Prince William County Circuit Court who also presided over certain custody matters related to Plaintiff's children.[1] In this prior lawsuit, Plaintiff alleged violations of his constitutional rights under 42 U.S.C. § 1983 based on various court rulings related to child custody matters. (Dkt. 1 at 24-28, E.D. Va. Case No. CV 22-725-PTG-JFA.) The prior action was ultimately dismissed and the district court's

---

[1] This Court "may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-10021-JFW-AJR                              Date: November 25, 2024
                                                              Page 4 of 10

Title:     Junius J. Joyner, III v. Carrol A. Weimer, Jr., et al.

judgment was affirmed on appeal by the Fourth Circuit Court of Appeals. (Dkts. 56, 65, 75, 76, 77, E.D. Va. Case No. CV 22-725-PTG-JFA.) As relevant to the instant lawsuit, the Eastern District of Virginia held that the Prince William County Circuit Court was entitled to sovereign immunity and all judicial defendants were entitled to judicial immunity, and therefore dismissed all claims against these defendants with prejudice. (Dkt. 50, E.D. Va. Case No. CV 22-725-PTG-JFA.) The Eastern District of Virginia also found that Plaintiff had filed multiple vexatious, harassing, or duplicative lawsuits against Ms. Redman, and therefore imposed a pre-filing injunction against Plaintiff for any new action against Ms. Redman arising out of or relating to their family court matters in Prince William County Circuit Court. (Dkt. 65, E.D. Va. Case No. CV 22-725-PTG-JFA.)

"Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (*per curiam*) (internal quotation marks and citation omitted). An initial review of the Complaint strongly suggests that this Court lacks jurisdiction over the action and the Defendants for the reasons outlined below.

**I.   DISCUSSION**

   **A.   The Entire Action Is Subject To Dismissal Based on *Younger* Abstention.**

   Plaintiff unequivocally asks this Court to interfere with ongoing state proceedings in the State of Virginia. (Dkt. 1 at 13.) Indeed, Plaintiff specifically alleges that relief from this Court is necessary because he cannot reasonably expect to receive fair and unbiased treatment from the ongoing proceeding in Virginia. (Id.) As set forth above, Plaintiff has several ongoing appeals and other challenges to the child support and custody orders issued by the Prince William County Circuit Court. (Id. at 8-9, 12-13.)

   However, a federal court will not intervene in a pending state proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45-46 (1971); World Famous Drinking Emporium, Inc. v. Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987) ("In Younger v. Harris,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    2:24-cv-10021-JFW-AJR                               Date: November 25, 2024
                                                                 Page 5 of 10

Title:      Junius J. Joyner, III v. Carrol A. Weimer, Jr., et al.

the Supreme Court held that federal courts should not enjoin pending state criminal proceedings except under extraordinary circumstances where the danger of irreparable loss is both great and immediate."); Middlesex County Ethics Comm. v. Garden State Bar. Ass'n., 457 U.S. 423, 432 (1982) ("The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved."). Younger abstention is required in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. Middlesex County Ethics Comm., 457 U.S. at 432; accord Commc'ns Telesystems Int'l v. Cal. Pub. Util., 196 F.3d 1011, 1015 (9th Cir. 1999).

Here, the proceedings before the Virginia courts are ongoing. (Dkt. 1 at 8-9, 12-13.) Further, the proceedings implicate important state interests. See Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) (finding important state interests were implicated, and Younger abstention appropriate, where child custody proceedings were ongoing). Finally, Plaintiff has an adequate opportunity to present his federal constitutional claims in the state proceedings, including by appealing the orders of the Prince William County Circuit Court, which he has done. (Dkt. 1 at 8-9, 12-13.) Accordingly, it appears that this Court must abstain from exercising jurisdiction over Plaintiff's claims.

### B.    Plaintiff's Claims Against Various Judges Are Subject To Dismissal Based On Judicial Immunity.

As set forth above, the Eastern District of Virginia has already issued a final order determining that Judge Weimer is entitled to judicial immunity and therefore all claims against Judge Weimer were dismissed with prejudice. (Dkt. 50, E.D. Va. Case No. CV 22-725-PTG-JFA.) Thus, Plaintiff's claims against Judge Weimer in the Complaint are barred by the doctrine of *res judicata*. See, e.g., Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713-14 (9th Cir. 2001) ("Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." (internal quotation marks omitted)). Regardless, this Court agrees that the judicial defendants named in the Complaint are likely entitled to judicial immunity. Indeed, judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    2:24-cv-10021-JFW-AJR | Date:  November 25, 2024 |
| | Page 6 of 10 |

Title:        Junius J. Joyner, III v. Carrol A. Weimer, Jr., et al.

U.S. 9, 11-12 (1991).  Plaintiff's claims in the Complaint are very clearly based on the actions of various judicial defendants taken in their role as judges.  (Dkt. 1 at 4-12.)  Thus, all of the judicial defendants appear to be entitled to judicial immunity.

> **C.** **Plaintiff's Official Capacity Claims For Monetary Damages Against Virginia State Government Officials Are Barred By The Eleventh Amendment.**

In addition to the many defendants who are judges of the State of Virginia, Plaintiff also names as defendants James Williams, individually and in his official capacity as Virginia Department of Social Services Commissioner, Craig Burshem, individually and in his official capacity as Virginia Department of Social Services Deputy Commissioner for State Programs, and Thomas Stanford, individually and in his official capacity as Office of the Attorney General for the State of Virginia, Deputy Attorney General of the Civil Division.  (Dkt. 1 at 3-7.)  However, Plaintiff's claims for monetary damages against these state government officials in their official capacity appear to be barred by the Eleventh Amendment.  The Eleventh Amendment to the U.S. Constitution sets out the principle of state sovereign immunity, providing as follows:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

U.S. Const. amend. XI.

In other words, "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state."  Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991); Kentucky v. Graham, 473 U.S. 159, 160 (1985) ("[A]bsent a waiver by the state or a valid congressional override, the Eleventh Amendment bars a damages action against a state in federal court.").  "[A] suit against a state official in his or her official capacity . . . is no different from a suit against the State itself."  Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (internal quotation marks omitted); see also Hafer v. Melo, 502 U.S. 21, 27 (1991) ("State officers sued for damages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:24-cv-10021-JFW-AJR                                Date:  November 25, 2024
                                                                  Page 7 of 10

Title:       Junius J. Joyner, III v. Carrol A. Weimer, Jr., et al.

in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."). State agencies such as the Virginia Department of Social Services and the Office of the Attorney General of the State of Virginia are state agencies entitled to Eleventh Amendment immunity. See, e.g., Bockes v. Fields, 999 F.2d 788, 790-91 (4th Cir. 1993) (holding that a Virginia county Department of Social Services is entitled to Eleventh Amendment immunity); McBurney v. Cuccinelli, 616 F.3d 393, 402 (4th Cir. 2010) (holding that Virginia Attorney General was immune from suit under the Eleventh Amendment and the exception announced in *Ex parte Young* did not apply). Thus, it appears that Plaintiff's official capacity claims seeking monetary damages against Commissioner Williams, Deputy Commissioner Burshem, and Deputy Attorney General Stanford are barred by the Eleventh Amendment.

**D.     Plaintiff's Individual Capacity Claims Against Virginia State Government Officials Are Subject To Dismissal For Failure To State A Claim.**

To establish a civil rights violation, a plaintiff must show either the defendant's direct, personal participation in the constitutional violation, or some sufficient causal connection between the defendant's conduct and the alleged violation. See Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011). Here, Plaintiff has failed to make any specific allegation concerning the role of Commissioner Williams, Deputy Commissioner Burshem, and Deputy Attorney General Stanford. To the contrary, with regard to the Virginia Department of Social Services, the Complaint generally alleges that the denial of Plaintiff's administrative appeal violated Plaintiff's constitutional rights and that the "Social Services Defendants['] malicious, willful, and artful delay terminating [Plaintiff's] request to remand to the Circuit Court violate[d] [Plaintiff's] substantive due process rights." (Dkt. 1 at 18.)

With regard to the Office of the Attorney General, the Complaint merely alleges that Plaintiff sent Deputy Attorney General Stanford an email on January 8, 2024, but that Plaintiff has not received a response to the email. (Id. at 11.) The Complaint contains a claim against Deputy Attorney General Stanford for conspiracy based on the allegation that his failure to respond to the email "show[s] circumstantial evidence of an implied agreement to deprive [Plaintiff] of 14th Amendment to the United States Constitution due

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    2:24-cv-10021-JFW-AJR | Date:  November 25, 2024 |
| | Page 8 of 10 |

Title:       Junius J. Joyner, III v. Carrol A. Weimer, Jr., et al.

process protections." (Id. at 20.)  However, the mere fact that Deputy Attorney General Stanford did not respond to a single unsolicited email cannot plausibly support the inference that he has agreed to participate in a conspiracy to deprive Plaintiff of his constitutional rights.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").  Accordingly, Plaintiff's individual capacity claims against Commissioner Williams, Deputy Commissioner Burshem, and Deputy Attorney General Stanford are subject to dismissal for failure to state a claim.

### E.    This Court Also Notes That It Does Not Appear To Have Personal Jurisdiction Over Defendants.

"In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party."  In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).  Thus, the Court will not *sua sponte* dismiss the action based on the apparent lack of personal jurisdiction.  However, the Court notes for Plaintiff that the allegations in the Complaint do not appear to support personal jurisdiction over any of the Defendants.

Personal jurisdiction over a non-resident defendant may exist if the defendant has either a continuous and systematic presence in the state (general jurisdiction), or sufficient minimum contacts with the forum state such that the exercise of jurisdiction will not "offend traditional notions of fair play and justice" (specific jurisdiction).  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  For a court to exercise specific jurisdiction, the nonresident defendant must undertake an act or transaction by which he purposefully avails himself of the privilege of conducting activities in the forum, the claim must arise out of the non-resident defendant's forum-related activities, and the exercise of jurisdiction over the defendant must be reasonable.  See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).  The plaintiff bears the burden of establishing personal jurisdiction.  See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    2:24-cv-10021-JFW-AJR | Date:  November 25, 2024 |
| | Page 9 of 10 |

Title:     Junius J. Joyner, III v. Carrol A. Weimer, Jr., et al.

The Complaint does not allege any purposeful availment of the State of California by the Defendants.  At best, the Complaint alleges that the Prince William County Circuit Court mailed Plaintiff a USB drive containing records for the ongoing child custody matters to Plaintiff's California address.  (Dkt. 1 at 7 n.1.)  Thus, the Court notes for Plaintiff that even if the Court did not lack jurisdiction for all the other reasons mentioned above, the Court does not appear to have personal jurisdiction over any of the Defendants.

**F.     This Action Also Appears Subject To Transfer For Improper Venue.**

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

Here, the Complaint alleges that venue is proper in this district because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the jurisdiction of the Central District of California.  (Dkt. 1 at 7.)  However, this is demonstrably false because the Complaint very clearly alleges that the events or omissions giving rise to Plaintiff's claims occurred in Virginia.  The only connections to California are that Plaintiff relocated to the Central District of California on April 18, 2022, the Prince William County Circuit Court mailed Plaintiff a USB drive to his California address, and wages continue to be garnished from Plaintiff's employers located in the State of California.  (Dkt. 1 at 7, 8, 10.)  However, the wage garnishment that Plaintiff complains of is based on a court order issued by the Prince William County Circuit Court located within the Eastern District of Virginia.  See 28 U.S.C. § 127(a).

Thus, it appears that venue lies in the Eastern District of Virginia, not the Central District of California.  It further appears that Plaintiff has filed the Complaint in this district to try to avoid the prior adverse rulings of the Eastern District of Virginia in Case No. CV 22-725-PTG-JFA.  In the interest of justice, a federal court may transfer a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    2:24-cv-10021-JFW-AJR | Date:  November 25, 2024 |
| | Page 10 of 10 |

Title:    Junius J. Joyner, III v. Carrol A. Weimer, Jr., et al.

complaint filed in the wrong judicial district to the correct judicial district.  See 28 U.S.C. § 1406(a); Ravelo Monegro v. Rosa, 211 F.3d 509, 512 (9th Cir. 2000).  Thus, even if this action were not subject to dismissal for lack of jurisdiction, the action also appears to be subject to transfer for improper venue.

## II.    DISPOSITION

For the foregoing reasons, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of jurisdiction and/or transferred for improper venue.  On or before **December 24, 2024**, Plaintiff must file a response to this Order explaining how this Court has jurisdiction over the action and how this judicial district is a proper venue.  If Plaintiff fails to timely respond to this Order, this action may be dismissed for failure to obey court orders and/or failure to prosecute.  If Plaintiff no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for convenience.

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).